UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24007-BLOOM/Otazo-Reyes

MARSHA BIEN-AIME,

    Plaintiff,

v.

MIAMI DADE CORRECTIONS
AND REHABILITATION DEPARTMENT,

    Defendant.
_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED**
**IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

**THIS CAUSE** is before the Court upon the Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [2] (the "Motion"), filed in conjunction with the Complaint, ECF No. [1] (the "Complaint"). Plaintiff Marsha Bien-Aime ("Plaintiff"), who is proceeding *pro se*, has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Complaint, the Motion, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

    **I.**    **Motion to Proceed** ***in forma pauperis***

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to

Case No. 22-cv-24007-BLOOM/Otazo-Reyes

pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services ("HHS") poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 87 Fed. Reg. 3315 (Jan. 21, 2022). Further, the section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court.").

In the Motion, Plaintiff represents that she has been unemployed since December, 2021 and receives no wages. ECF No. [2] at 1. Plaintiff also represents that in the past twelve months,

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

she received $200.00 monthly in child support and $450.00 in monthly public assistance. *Id*. at 4. But Plaintiff has not stated the amount she expects to receive in the future. *See id*. at 3-4. In addition, Plaintiff supports her daughter, has $3,900.00 in a checking or savings account, and she owns her home with a $415,000.00 value, and a vehicle valued at $8,000.00. *Id*. at 5. Plaintiff attests to having monthly expenses totaling approximately $1,452.00, *id*. at 6, but she has not explained how she has managed her expenses since becoming unemployed at the end of 2021, or how she expects to manage her expenses moving forward. The information provided is therefore insufficient to substantiate Plaintiff's request for IFP. *See Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013) ("It undeniably costs money to live . . . . Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game, the Court has demanded supplemental information.").

## II.    The Complaint

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

Upon review, the Complaint in this case must be dismissed because it fails to state a claim. Plaintiff alleges workplace harassment and bullying, and that after a human resources investigation concluded, she was subject to a toxic and hostile environment, the harassment continued, and Plaintiff then experienced retaliation. ECF No. [1] at 2. As a result, Plaintiff seeks damages and reinstatement, but she has not provided a legal basis for the relief she seeks. *Id*. Attached to the Complaint, Plaintiff provides correspondence from Miami-Dade County, and two (2) Right-to-Sue letters from the Equal Employment Opportunity Commission ("EEOC"). *See id*. at 4-8. The correspondence from Miami-Dade County supports Plaintiff's contention that she was subject to harassment and discrimination, and the EEOC letters provide notice of Plaintiff's right to institute a civil action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, Title I

of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.*, and Title V, Section 503 of the Act, 42 U.S.C. § 12203. *Id*. Nevertheless, Plaintiff has alleged insufficient facts in the Complaint.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e–2(a)(1). "Discriminatory conduct that is 'so severe or pervasive that it create[s] a work environment abusive to employees because of their race, gender, religion, or national origin offends Title VII's broad rule of workplace equality.'" *Uppal v. Hosp. Corp. of Am.,* 482 F. App'x 394, 396 (11th Cir.2012) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). To establish a hostile work environment claim, a plaintiff must show:

> (1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under a theory of vicarious or direct liability.

*Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1275 (11th Cir.2002). In addition, "Title VII makes it unlawful 'for an employer to discriminate against any of his employees . . . because [she] has opposed any practice made an unlawful employment practice' under Title VII." *Uppal,* 482 F. App'x at 397 (quoting 42 U.S.C. § 2000e–3(a)). "Retaliation under Title VII occurs when an employee engages in protected activity, and suffers an adverse employment action that is causally related to that activity." *Id.* (citing *Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1388 (11th Cir.1998)). "In terms of causation, a plaintiff must show that the decision-maker was aware of the

Case No. 22-cv-24007-BLOOM/Otazo-Reyes

protected conduct." *Id.* (citing *Shannon v. Bellsouth Telecomms., Inc.,* 292 F.3d 712, 716 (11th Cir.2002)). Similarly, the ADA prohibits discrimination by an employer against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). In order to state an ADA claim for disability discrimination, a plaintiff must allege "(1) that [s]he suffers from a disability, (2) that [s]he is a qualified individual, and (3) that a 'covered entity' discriminated against [her] on account of [her] disability." *Cramer v. State of Fla.*, 117 F.3d 1258, 1264 (11th Cir. 1997) (citing *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526 (11th Cir. 1997)).

Plaintiff's Complaint does not specify the basis of her discrimination or any other facts that would permit the Court to conclude that Title VII discrimination or retaliation claims are adequately alleged. Similarly, the Complaint contains no allegations with respect to any disability that would give rise to a claim for disability discrimination under the Americans with Disabilities Act. Although the Court liberally construes *pro se* pleadings, the Court is not free to construct causes of action for which adequate facts are not pleaded. Because the Complaint does not contain sufficient facts or identify specifically the claims Plaintiff intends to assert, the Complaint must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion, **ECF No. [2],** is **DENIED WITHOUT PREJUDICE**.
3. The Clerk of Court is directed to **CLOSE** this case.
4. Plaintiff is advised that this Order does not preclude her from refiling her claims and the Motion alleging sufficient facts and providing the requisite financial information as more fully set forth in this Order.

Case No. 22-cv-24007-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 12, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Marsha Bien-Aime, *pro se*
2345 Superior Street
Opa Locka, FL 33054